

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

CRAIG CARPENITO
United States Attorney

DIANA VONDRA CARRIG
Assistant United States Attorney

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE
401 Market Street, 4th Floor
Post Office Box 2098
Camden New Jersey 08101-2098

856.757.5026
Fax: 856.968.4917
diana.carrig@usdoj.gov

February 21, 2020

Jeffrey C. Zucker, Esquire
Sufrin Zucker Steinberg & Wixted, PC
519 Federal Street
Camden, New Jersey 08103

Re: Plea Agreement with Rubbin Sarpong
    CR. 21-00865-001 (RmB)

Dear Mr. Zucker:

This letter sets forth the plea agreement between your client, Rubbin Sarpong, and the United States Attorney for the District of New Jersey ("this Office").

**This plea agreement is contingent upon approval by the Department of Justice, Tax Division.**

## CHARGE

Conditioned on the understandings specified below, this Office will accept a guilty plea from Rubbin Sarpong to a three-count Information that charges him with: (1) Count 1 – conspiracy to commit wire fraud contrary to 18 U.S.C. § 1343, and in violation of 18 U.S.C. § 1349; (2) conspiracy to commit money laundering, contrary to 18 U.S.C. §§ 1956(a)(1)(A)(i) and (ii), and in violation of 18 U.S.C. § 1956(h); and (3) Count 3 – tax evasion for tax year 2018, in violation of 26 U.S.C. § 7201.

If Rubbin Sarpong enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Rubbin Sarpong for: (1) participating in a romance fraud scheme during the time period from in or about 2015 through in or about August 2019, in which he and his co-conspirators defrauded more than 40 victims of more than $1.75 million; (2) for laundering the proceeds of the romance fraud scheme through various money remitting services and bank accounts belonging to Rubbin Sarpong, his co-conspirators and others; (3) for failing to declare his illegal proceeds as taxable income and also for failing to file income tax returns for tax years 2016, 2017 and 2018; and (4) for the theft of U.S. Government funds resulting from Rubbin Sarpong's false statements pertaining to his income and assets in applying for and obtaining the following benefits for himself and two daughters during the time period from approximately

September 2018 through August 2019: (a) Medicaid benefits provided by the U.S. Department of Health and Human Services; and (b) Supplemental Nutrition Assistance Program ("SNAP") benefits provided by the U.S. Department of Agriculture. However, in the event that a guilty plea in this matter is not entered for any reason or the judgments of conviction entered as a result of these guilty pleas do not remain in full force and effect, Rubbin Sarpong agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Rubbin Sarpong may be commenced against him, notwithstanding the expiration of the limitations period after Rubbin Sarpong signs the agreement.

## SENTENCING

### Count 1 – Wire Fraud/Romance Fraud Conspiracy

The violation of 18 U.S.C. § 1349 to which Rubbin Sarpong agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Count 2 – Money Laundering Conspiracy

The violation of 18 U.S.C. § 1956(h) to which Rubbin Sarpong agrees to plead guilty in Count 2 of the Information carries a statutory maximum prison sentence of 20 years imprisonment and a statutory maximum fine equal to the greater of: (1) $500,000; or (2) twice the value of the property involved in the transaction.

### Count 3 – Tax Evasion

The violation of 26 U.S.C. § 7201 to which Rubbin Sarpong agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine of $100,000.

The sentence on each count of the three counts of conviction may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Rubbin Sarpong is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum terms of imprisonment and the maximum statutory fines. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Rubbin Sarpong ultimately will receive.

Further, in addition to imposing any other penalty on Rubbin Sarpong, the sentencing judge:

(1) will order Rubbin Sarpong to pay an assessment of $100 per count (for a total of $300) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Rubbin Sarpong to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Rubbin Sarpong, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and

(4) pursuant to 18 U.S.C. § 3583, may require Rubbin Sarpong to serve a term of supervised release of not more than 3 years per count of conviction, which will begin at the expiration of any term of imprisonment imposed. Should Rubbin Sarpong be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Rubbin Sarpong may be sentenced to not more than 2 years' imprisonment per count of conviction in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Rubbin Sarpong agrees to make full restitution for all losses resulting from the offenses of conviction or from the schemes, conspiracies, or patterns of criminal activity underlying those offenses. In addition, Rubbin Sarpong specifically agrees that for purposes of sentencing, all identified victims at the time of sentencing and all uncharged offenses will be treated as relevant conduct pursuant to U.S.S.G. Section 1B1.3. The parties estimate the restitution as: (1) approximately $1.75 million for the victims of the Count 1 conspiracy; (2) approximately $387,923 to the Internal Revenue Service ("IRS") in tax losses. In addition, Rubbin Sarpong agrees to make full restitution to the U.S. Department of Health and Human Services, the U.S. Department of Agriculture and the State of New Jersey for all monies paid in Medicaid and SNAP benefits for Rubbin Sarpong and his two daughters during the time period from approximately September 2018 through August 2019.

## RIGHTS OF THIS OFFICE REGARDING SENTENCING

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Rubbin Sarpong by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Rubbin Sarpong's activities and relevant conduct with respect to this case.

## STIPULATIONS

This Office and Rubbin Sarpong agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the

parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Rubbin Sarpong from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## WAIVER OF APPEAL AND POST-SENTENCING RIGHTS

As set forth in Schedule A, this Office and Rubbin Sarpong waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

No provision of this agreement shall preclude Rubbin Sarpong from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Rubbin Sarpong received constitutionally ineffective assistance of counsel.

## IMMIGRATION CONSEQUENCES

Rubbin Sarpong understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Rubbin Sarpong understands that the immigration consequences of these pleas will be imposed in a separate proceeding before the immigration authorities. Rubbin Sarpong wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of these pleas, even if these pleas will cause his removal from the United States. Rubbin Sarpong understands that he is bound by his guilty pleas regardless of any immigration consequences of the pleas. Accordingly, Rubbin Sarpong waives any and all challenges to his guilty pleas and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty pleas, or to file a direct appeal or any kind of collateral attack challenging his guilty pleas, convictions, or sentence, based on any immigration consequences of his guilty pleas.

## OTHER PROVISIONS

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Rubbin Sarpong. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Rubbin Sarpong.

Rubbin Sarpong agrees to cooperate fully with the IRS as follows:

(1) Prior to sentencing, Rubbin Sarpong will properly execute and deliver to the IRS an IRS Form 4549 (Income Tax Examination Changes) and IRS Form 870 (Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment) agreeing to tax, interest, and Internal Revenue Code penalties for tax years 2016, 2017 and 2018, in lieu of filing returns for each of those years.

(2) Prior to sentencing, Rubbin Sarpong will make a full financial disclosure to the IRS, including IRS Form 433A, if requested by the IRS.

(3) Prior to sentencing, Rubbin Sarpong agrees to provide the IRS with all requested documents and information for the purpose of a civil audit.

(4) Rubbin Sarpong has agreed to pay restitution as directed by the Court to the IRS in the amount of $387,923. In addition to that restitution, prior to sentencing, Rubbin Sarpong agrees that he will pay to the IRS all taxes as determined by the IRS to be due and owing (as represented on the IRS Form 4549 or IRS Form 870 that Rubbin Sarpong shall execute in accordance with subparagraph (1) above). If Rubbin Sarpong is unable to pay the taxes due and owing then Rubbin Sarpong shall make satisfactory repayment arrangements with the IRS prior to sentencing.

(5) Rubbin Sarpong agrees to pay all interest and penalties as determined by the IRS to be due and owing (as represented on the IRS Form 4549 or IRS Form 870 that Rubbin Sarpong shall execute in accordance with subparagraph (1)) within the period of supervised release and/or in accordance with the satisfactory repayment arrangements with the IRS made prior to sentencing in accordance with subparagraph (4) above.

(6) Rubbin Sarpong agrees that subparagraphs (1) through (5) above are appropriate conditions of supervised release.

(7) Rubbin Sarpong agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate any and all civil penalties that may be due and owing by Rubbin Sarpong. With respect to disclosure of the criminal file to the IRS, Rubbin Sarpong waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e) and any other right of privacy with respect to Rubbin Sarpong's tax returns and return information.

(8) Rubbin Sarpong agrees to fully cooperate with the IRS and comply with the tax laws of the United States.

(9) Nothing in this agreement shall limit the IRS in its collection of any taxes, penalties, or interest due from Rubbin Sarpong. Rubbin Sarpong agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise Rubbin Sarpong's obligation to pay the balance of any remaining civil tax liabilities, including tax, interest, and penalties.

## NO OTHER PROMISES

This agreement constitutes the plea agreement between Rubbin Sarpong and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: DIANA VONDRA CARRIG
Assistant U.S. Attorney

APPROVED:

ANDREW CAREY
Attorney-in-Charge, Camden

I have received this letter from my attorney, Jeffrey C. Zucker, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, waiver and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 3-3-2020
RUBBIN SARPONG

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, waiver and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 3-3-2020
JEFFREY C. ZUCKER, ESQUIRE

-7-

Plea Agreement with Rubbin Sarpong

Schedule A

1. This Office and Rubbin Sarpong recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Rubbin Sarpong nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

### Count 1 – Conspiracy to Commit Wire Fraud

3. The applicable guideline for the conspiracy to commit wire fraud charged in Count 1 of the Information is U.S.S.G. § 2B1.1. Because conspiracy to commit wire fraud is referenced to § 2B1.1, and carries a potential maximum term of imprisonment of 20 years, this guideline carries a Base Offense Level of 7. See U.S.S.G. § 2B1.1(a)(1).

4. Specific Offense Characteristic § 2B1.1(b)(1)(I) applies because the amount of loss is more than $1,500,000 but less than $3,500,000. This Specific Offense Characteristic results in an increase of 16 levels.

5. Specific Offense Characteristic § 2B1.1(b)(2)(B) applies because the offense resulted in substantial financial hardship to five or more victims. This Specific Offense Characteristic results in an increase of 4 levels.

6. Specific Offense Characteristic § 2B1.1(b)(2)(10) applies because a substantial portion of the fraudulent scheme was committed from outside the United States. This Specific Offense Characteristic results in an increase of 2 levels.

### Count 2 – Conspiracy to Commit Money Laundering

7. The applicable guideline for the conspiracy to commit wire fraud charged in Count 2 of the Information is U.S.S.G. § 2S1.1. The base offense level is 29, which is the offense level for the underlying wire fraud conspiracy offense from which the laundered funds were derived. See U.S.S.G. § 2S1.1(a)(1).

8. Specific Offense Characteristic § 2S1.1(b)(2)(B) applies because Rubbin Sarpong participated in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), the objects of which were offenses under 18 U.S.C. §§ 1956(a)(1)(A)(i) and (ii). This Specific Offense Characteristic results in an increase of 2 levels.

### Count 3 – Tax Evasion

9. The applicable guideline is U.S.S.G. § 2T1.1, which refers to the table at U.S.S.G. § 2T1.4 to determine the base offense level when there is a tax loss. In this case, Rubbin Sarpong failed to file income tax returns for tax years 2016, 2017, and 2018, which collectively resulted in an approximate tax loss of $387,923. At more than $250,000 but less

than $550,000, this tax loss corresponds to a base offense level of 18 pursuant to U.S.S.G. § 2T4.1(G).

10. Specific Offense Characteristic § 2T1.1(b)(1) applies Rubbin Sarpong failed to report income exceeding $10,000 in any year from criminal activity. This Specific Offense Characteristic results in an increase of 2 levels.

### Grouping

11. Pursuant to U.S.S.G. §§ 2D1.2(d) and 2D1.3(b), all three counts of the Information are grouped together, and the offense level for the group is the highest offense level, that is, 31.

### Acceptance of Responsibility

12. As of the date of this letter, Rubbin Sarpong has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Rubbin Sarpong's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

13. As of the date of this letter, Rubbin Sarpong has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Rubbin Sarpong's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Rubbin Sarpong enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Rubbin Sarpong's acceptance of responsibility has continued through the date of sentencing and Rubbin Sarpong therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Rubbin Sarpong's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

### Total Offense Level

14. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Rubbin Sarpong is 28 (the "agreed total Guidelines offense level").

### No Other Departures/Adjustments

15. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Rubbin Sarpong reserves the right to argue for a downward variance pursuant to the factors listed in 18 U.S.C. § 3553(a) at Step 3 of the sentencing process. The Government reserves the right to oppose such argument.

### Waiver of Appeal & Collateral Attack

16. Rubbin Sarpong knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 28. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 28. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.